## Jim Bryant v. The State.

### No. 1836.    Decided May 8, 1912.

**Burning Automobile—Statement of Facts.**

Where the statement of facts was filed fifty-one days after the adjournment of court, and the court undertook to allow ninety days after adjournment to file same with bills of exception, the same could not be considered on appeal.

Appeal from the District Court of Deaf Smith. Tried below before the Hon. D. B. Hill.

Appeal from a conviction of unlawfully and wilfully burning an automobile; penalty, a fine of $800.

The opinion states the case.

*Knight & Slaton,* for appellant.

C. E. Lane, Assistant Attorney-General, for the State.—On ques-

tion of filing statement of facts too late: Misso v. State, 61 Texas Crim. Rep., 241, 135 S. W. Rep., 1173; Griffin v. State, 62 Texas Crim. Rep., 98, 136 S. W. Rep., 778; Tolliver v. State, 65 Texas Crim. Rep., 475, 144 S. W. Rep., 1138; Blackshire v. State, 33 Texas Crim. Rep., 160; Dement v. State, 39 id., 271.

PRENDERGAST, JUDGE.—Appellant was indicted under article 1221, Penal Code (777), for wilfully burning an automobile, a misdemeanor, the property of another, naming him.

The statement of facts and bills of exceptions were filed fifty-one days after the adjournment of the court. The court undertook to allow ninety days after adjournment to file these.

The Assistant Attorney-General has filed a motion to strike out the statement of facts and bills of exception because filed too late. The motion is granted. Toliver v. State, 65 Texas Crim. Rep., 475, 144 S. W. Rep., 1130, and cases therein cited.

Without a statement of facts or bills of exceptions the question attempted to be raised by the motion for new trial can not be considered. The judgment is affirmed.

*Affirmed.*